UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JIM DORISME, | : |
|     Petitioner, | : |
| | : |
| v. | :    Civil No. 3:04cv1863 (JBA) |
| | : |
| ALBERTO GONZALEZ,[1] et al., | : |
|     Respondents. | : |

**RULING ON RESPONDENTS' MOTION TO TRANSFER
PURSUANT TO "REAL I.D. ACT" [Doc. # 21]**

Jim Dorisme, a native of Haiti, filed a petition for writ of habeas corpus and memorandum in support [Docs. ## 1, 2] on November 3, 2004, challenging the decision of an Immigration Judge denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. A motion to stay deportation was granted the following day, and respondents simultaneously were ordered to show cause why the habeas corpus petition should not be granted. [Doc. # 6]. The Government responded on April 18, 2005 [Doc. # 17-1], and Dorisme filed a reply on May 3, 2005 [Doc. # 19]. Shortly thereafter, on May 11, the provisions of the "Real I.D. Act of 2005," became effective. Currently before the Court is respondents' motion to transfer this case to the Eleventh Circuit Court of Appeals under the Real I.D. Act, which is granted for the reasons that follow.

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Attorney General Alberto Gonzalez is substituted as Respondent for former Attorney General John Ashcroft.

1

**I.   THE REAL I.D. ACT**

The Real I.D. Act was passed as part of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231.  Section 106 of the Real I.D. Act modifies those portions of the Immigration and Nationality Act concerning review of final orders of removal, see 8 U.S.C. § 1252.  In particular, § 106(a)(4) of the Real I.D. Act states:

> CLAIMS UNDER THE UNITED NATIONS CONVENTION – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment....

Subsection 106(a)(5) states:

> EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. ... For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, section 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

This language "eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review under [8 U.S.C.] § 1252, which circuit courts alone can consider." Gittens v. Menifee, 428 F.3d 382 (2d Cir. 2005); see also Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) (Act "definitively eliminated any provision for jurisdiction" in the district courts over habeas petitions challenging final orders of removal); Gelaneh v. Ashcroft, 153 Fed. Appx. 881 (3d Cir. 2005) (unpublished) (Real I.D. Act "expressly eliminated district courts' habeas jurisdiction over removal orders.").

Congress provided that any habeas petition "challenging a final administrative order of removal, deportation, or exclusion [that] is pending in a district court on the date of the enactment" of the law shall be transferred "to the court of appeals for the circuit in which a petition for review could have been properly filed...." Real I.D. Act. § 106(c); see also Gittens, 428 F.3d at 385 ("Congress expressly prescribed the transfer protocol for cases pending before district courts....").

**II. DISCUSSION**

Dorisme argues that the transfer provision of § 106(c) is inapplicable to his habeas petition because he seeks relief from removal under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or

3

Punishment ("CAT"), which is not a challenge to a final order of removal because an individual who receives CAT relief still may be removed to a third country.  He bases his argument on the fact that Congress enacted two separate provisions eliminating district court jurisdiction over both CAT claims, § 106(a)(4), and other challenges to final removal orders, § 106(a)(5), yet only used the language "final administrative order of removal" in § 106(c), which requires transfer to the Courts of Appeals.

Petitioner's argument is creative, but unconvincing.  If petitioner's reading of the statute were adopted, this Court would retain habeas jurisdiction to adjudicate the merits of his CAT claim, but the Court of Appeals would not have appellate jurisdiction over this Court's order on his habeas petition, as the exclusive method for appellate review now is a petition for review under 8 U.S.C. § 1252.  Congress could not have intended that the district courts should render useless decisions that would be disregarded by the Courts of Appeals when cases reached them on appeal. See, e.g., Kamara v. Attorney General, 420 F.3d 202, 210 (3d Cir. 2005) (on Government's appeal of District Court order granting writ of habeas corpus, Court of Appeals was "obliged to vacate and disregard the District Court's opinion and address the claims raised in [the] habeas petition as if they were presented before us in the first instance as a petition for review.").  Rather, it was "Congress' express intent to provide

4

aliens with <u>one</u> chance for judicial review in the court of appeals." <u>Id.</u> (emphasis added).

Furthermore, § 106(a)(4) of the Real I.D. Act expressly eliminates the habeas jurisdiction of the district courts over CAT claims, and § 106(b) expressly makes the statute retroactive, as it applies "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on or after the date of the enactment...." If petitioner is correct that his case should not be transferred to the Court of Appeals, then his CAT claim could not be heard in any court because this Court has been stripped of habeas jurisdiction to entertain his claim.

It appears that every court to have acted on a transfer petition in a pending habeas case in which the petitioner alleged a CAT claim has decided that such claims should be transferred to the appellate courts and construed as petitions for review; none has distinguished a CAT claim from any other challenge to a final order of removal.[2]

---

[2] <u>See</u> <u>Kamara</u>, 420 F.3d at 212-216 (converting habeas appeal to petition for review and reaching merits of CAT claim); <u>Ishak</u>, 422 F.3d at 29 (converting habeas appeal, which contained CAT claim, to petition for review and denying petition for failure to exhaust issues before BIA); <u>Gelaneh</u>, 153 Fed. Appx. 881 (converting habeas appeal to petition for review and affirming BIA's denial of CAT relief); <u>Enwonwu v. Chertoff</u>, 376 F. Supp. 2d 42, 85 (D. Mass. 2005) (denying <u>Zadvydas</u> relief and transferring remainder of habeas petition, including CAT claim, to court of appeals); <u>Nieto v. Long</u>, No. 03-367 (PHX)(MHM), 2005 WL 3021657 at *1-2 (D. Ariz. Nov. 8, 2005) (adopting Magistrate's

Dorisme points to no authority for the proposition that CAT challenges should be treated differently under the Real I.D. Act from other challenges to a final order of removal.  As Dorisme acknowledges, see Pet. Opp. to Mot. to Transfer [Doc. # 26] at 4, pursuant to 8 C.F.R. §§ 1208.16-1208.17, a petitioner may be granted CAT relief--either withholding or deferral of removal-- only after being ordered removed.  Here, the IJ ordered Dorisme removed to Haiti, and Dorisme now seeks, among other relief, withholding or deferral of removal due to the asserted likelihood that he will be tortured if returned to Haiti.  See Habeas Petition ¶ 34.  His CAT claim challenges a final order of removal because it challenges the IJ's order directing that Dorisme be removed to Haiti; the fact that CAT would permit him to be

---

recommendation to transfer habeas petition, containing CAT claim, to court of appeals because the case "is purely a challenge to the administrative order of removal."); Maiwand v. Ashcroft, No. CV-04-3185, 2005 WL 2340466 at *6-8 (E.D.N.Y. Sept. 26, 2005) (transferring habeas petition containing CAT claim to court of appeals and rejecting Suspension Clause challenge to Real I.D. Act); Burke v. Chertoff, No. A.1:05cv1654, 2005 WL 2020186 at *1 (M.D. Pa. Aug. 18, 2005) (transferring CAT and Fifth Amendment claims to court of appeals as challenges to final order of removal, but refusing to transfer Zadvydas challenge to continued detention); Laguna-Santana v. Robinson, No. Civ. A.05-0567-L, 2005 WL 1630552 at *2 (W.D. La. June 3, 2005) (adopting Magistrate's recommendation to transfer habeas petition alleging CAT claim to court of appeals because it was a challenge to final order of removal); Thompson v. Gonzales, No. 02 Civ. 3363 (JSR)(FM), 2005 WL 2249773 at *1-2 (S.D.N.Y. June 1, 2005) (Magistrate Judge's recommendation to transfer habeas petition, alleging ineffective assistance of counsel and entitlement to CAT relief, to court of appeals because the "petition challenges [a] final order of removal.").

removed to a third country is of no import.  There is no principled reason why a CAT claim should be treated differently under the Real I.D. Act than any other challenge to a final order of removal.  Therefore this case should be transferred to the appropriate Court of Appeals and construed as a petition for review of the IJ's decision.

Dorisme's habeas petition represents that his application for asylum, withholding of removal, and CAT relief was denied by an Immigration Judge sitting in Miami, Florida.  Habeas petition at ¶ 5.  Under 8 U.S.C. § 1252(b)(2), a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  Therefore Dorisme's petition is appropriately transferred to the Eleventh Circuit Court of Appeals.

### III. CONCLUSION

Accordingly, respondents' Motion to Transfer [Doc. # 21] is GRANTED and this case is respectfully transferred to the Eleventh Circuit Court of Appeals.

                                        IT IS SO ORDERED.

                                        /s/
                                        JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 18th day of January, 2006.**